UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ACTION RESEARCH GROUP, INC.; JOSEPH DEPANTE; MATTHEW DEPANTE; BRYAN WAGNER; CASSANDRA SELVAGE; and EYE IN THE SKY INVESTIGATIONS, INC.,<br><br>Defendants. | Case No.:  6:07-cv-227-ORL-22GJK |

## JUDGMENT BY DEFAULT AND PERMANENT INJUNCTION AGAINST DEFENDANT BRYAN WAGNER

Plaintiff, the Federal Trade Commission ("FTC"), commenced this action on February 14, 2007, by filing its complaint against Defendant Bryan Wagner ("Wagner"), among others. The FTC alleges that Wagner engaged in unfair and deceptive acts or practices in violation of Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), in connection with using false pretenses to obtain and sell confidential customer phone records without customers' knowledge or consent, and seeks a permanent injunction and other relief pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b).

Pursuant to Fed. R. Civ. P. 55(a), the Clerk entered a default against Wagner on August 21, 2007.  The FTC now has moved this Court, pursuant to Fed. R. Civ. P. 55(b)(2), for entry of a judgment by default and permanent injunction against Wagner.  Having considered the

memoranda and exhibits filed in support of said motion and all other pleadings and filings in this action, and now being fully advised of the premises, the Court finds that:

1. The FTC has the authority under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), to seek the relief it has requested.

2. This Court has jurisdiction over the subject matter of this case and has jurisdiction over Wagner. Venue in the Middle District of Florida is proper, and the Complaint states a claim upon which relief may be granted against this Defendant.

3. Wagner's activities are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4. Process and service of process as to Wagner were proper.

5. Wagner is not an infant or an incompetent or in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.

6. Wagner failed to answer or otherwise file any response to the Complaint. Accordingly, he is in default for failure to plead in or otherwise defend this action.

7. From at least 2000, Defendant Action Research Group, Inc. ("ARG"), paid Wagner to obtain confidential customer phone records that ARG would then sell to third parties who had requested such records.

8. The account holders have not authorized Wagner to obtain access to or sell their confidential customer phone records. Instead, to obtain such information, he has used false pretenses, fraudulent statements, fraudulent or stolen documents, or other misrepresentations, including posing as a customer of a telecommunications carrier, to induce officers, employees, or agents of telecommunications carriers to disclose confidential customer phone records.

9. The invasion of privacy and security resulting from obtaining and selling confidential customer phone records without the consumers' authorization causes substantial harm to consumers and the public, including, but not limited to, endangering the health and safety of consumers. Consumers cannot reasonably avoid these injuries because practices like Wagner's are entirely invisible to them. The harm caused by this Defendant's unauthorized access to and disclosure of confidential customer phone records is not outweighed by countervailing benefits to consumers or to competition. Therefore, his practices constitute unfair and deceptive practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

10. Without an injunction or Court order prohibiting it, Wagner may continue to engage in the activities alleged in the Complaint or otherwise violate Section 5 of the FTC Act. Accordingly, it is proper in this case to issue a permanent injunction prohibiting Wagner from obtaining and selling customer phone records and from making misrepresentations in connection with the obtaining and selling of consumer personal information. It is also proper that the permanent injunction will provide for FTC monitoring of Wagner's compliance with the injunction.

11. Under Section 13(b) of the FTC Act, the Court has the equitable authority to order disgorgement of ill-gotten gains in the amount of a defendant's unjust enrichment. It is proper in this case to enter a monetary judgment against Wagner, directing him to disgorge his ill-gotten gains resulting from violations of the FTC Act.

12. Wagner's profit from the sale of confidential customer phone records is $428,085. This figure constitutes the unjust enrichment this Defendant obtained from his unfair and deceptive practices.

13. This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

14. The entry of this Order, as set forth below, is in the public interest.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS**:

**DEFINITIONS**

For purposes of this Order, the following definitions shall apply:

1. "Customer phone records" means: (a) information that relates to the quantity, technical configuration, type, destination, location, and amount of use of a telecommunications service subscribed to by any customer of a telecommunications carrier, and that is made available to the carrier by the customer solely by virtue of the carrier-customer relationship; and (b) information contained in the bills pertaining to telephone exchange service or telephone toll service received by a customer of a carrier, which includes, but is not limited to, telephone call detail records.

2. "Consumer personal information" means any individually identifiable information concerning a consumer, including, but not limited to: (a) an unpublished or unlisted wire line or wireless phone number; (b) an unpublished or unlisted physical or mailing address, including street name and name of city or town, Post Office Box number, or Private Mailbox number; (c) an email address or other online contact information, such as an instant messaging user identifier or a screen name that reveals an individual's email address; (d) a Social Security number in whole or in part; (e) credit and/or debit card information, including credit and/or debit card number, expiration date, data stored on the magnetic strip of a credit or debit card, and transaction detail records; (f) bank account information or transaction records including the ABA

routing number, account number, check number, and transaction detail records; (g) a driver's license number; or (h) any other information from or about an individual consumer that is combined with (a) through (g) above.

## BAN ON SALE OF CUSTOMER PHONE RECORDS

**I.     IT IS THEREFORE ORDERED** that Defendant Wagner, his assigns, agents, servants, employees, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from obtaining, causing others to obtain, marketing, or selling customer phone records and consumer personal information that is derived from customer phone records.  Nothing in this Order shall be read as an exception to Section I.

## PROHIBITED BUSINESS ACTIVITIES

**II.     IT IS FURTHER ORDERED** that Defendant Wagner, his assigns, agents, servants, employees, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, in connection with the obtaining, marketing or sale of any consumer personal information, are hereby restrained and enjoined from:

     A.     Making false or deceptive statements or representations, including but not limited to impersonating any person or entity, directly or by implication, to any person or entity in order to obtain consumer personal information;

     B.     Requesting any person or entity to obtain consumer personal information relating to any third person, if the person making such a request knows or should know that the person or

entity to whom such a request is made will obtain or attempt to obtain such information in violation of Subsection A of Section II.

## MONETARY RELIEF

**III.    IT IS FURTHER ORDERED** that:

A.    Judgment is hereby entered against Defendant Wagner in the amount of $428,085, with post-judgment interest at the legal rate. The monetary judgment set forth in this Section III is enforceable against any asset owned jointly by, on behalf of, for the benefit of, or in trust by or for the Defendant, whether held as tenants in common, joint tenants with or without the right of survivorship, tenants by the entirety, and/or community property. The entry of this monetary judgment does not preclude the FTC from establishing in any litigation that actual sales by this Defendant exceeded this amount.

B.    Any funds received by the FTC pursuant to Section III shall be deposited into a fund administered by the FTC or its agent to be used for such equitable relief, including but not limited to consumer information remedies and disgorgement to the U.S. Treasury of ill-gotten monies, as the FTC determines to be reasonably related to this Defendant's practices alleged in the Complaint. Defendant Wagner shall have no right to challenge the FTC's choice of remedies under Section III.

C.    The facts as alleged in the Complaint shall be taken as true in the event of any subsequent litigation to collect amounts due pursuant to this Order, including but not limited to a nondischargeability complaint in any bankruptcy proceeding.

D.    The judgment entered pursuant to Section III is equitable monetary relief, solely remedial in nature, and not a fine, penalty, punitive assessment, or forfeiture.

  E. Defendant Wagner is hereby required, in accordance with 31 U.S.C. § 7701, to furnish to the FTC his tax identification number, if any, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

  F. Pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), any consumer reporting agency may furnish a consumer report concerning Defendant Wagner to the FTC.

## TURNOVER OF ASSETS

**IV.** **IT IS FURTHER ORDERED** that:

  A. In order to partially satisfy the monetary judgment set forth in Section III of this Order, any financial or brokerage institution, escrow agent, title company, commodity trading company, business entity, or person, whether located within the United States or outside the United States, that holds, controls, or maintains accounts or assets of, on behalf of, or for the benefit of, Defendant Wagner shall turn over such account or asset to the FTC within five (5) business days of receiving notice of this Order by any means, including but not limited to via facsimile.

  B. In order to partially satisfy the monetary judgment set forth in Section III of this Order, Defendant Wagner shall provide an accounting of, and turn over to the FTC, within fifteen (15) business days following the entry of this Order, all assets, real and personal, wherever located within the United States held: (a) by Defendant; (b) for Defendant's benefit; or (c) under Defendant's direct or indirect control, including, but not limited to all assets placed in trust by, for, for the benefit of, on account of, or on behalf of Defendant.

C. In order to partially satisfy the monetary judgment set forth in Section III of this Order, Defendant Wagner shall provide an accounting of, and repatriate and turn over to the FTC, within fifteen (15) business days following the entry of this Order, all assets, real and personal, where ever located in foreign countries held: (a) by Defendant; (b) for Defendant's benefit; or (c) under Defendant's direct or indirect control, including but not limited to all assets placed in trust by, for, for the benefit of, on account of, or on behalf of Defendant.

## DISTRIBUTION OF ORDER

V. **IT IS FURTHER ORDERED** that, for a period of ten (10) years from the date of entry of this Order, Defendant Wagner shall deliver copies of the Order as directed below:

A. For any business that Defendant Wagner controls, directly or indirectly, or in which he has a majority ownership interest, Defendant Wagner must deliver a copy of this Order to all principals, officers, directors, and managers of that business. Defendant Wagner must also deliver copies of this Order to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order. For current personnel, delivery shall be within (5) days of service of this Order upon Defendant Wagner. For new personnel, delivery shall occur prior to them assuming their responsibilities.

B. For any business in which Defendant Wagner is not a control person of a business but otherwise engages in conduct related to the subject matter of this Order, Defendant Wagner must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

    C.    Defendant Wagner must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to Section V.

## RECORD-KEEPING PROVISIONS

**VI.**    **IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order, Defendant Wagner, in connection with any business (1) in which he is the majority owner of or otherwise directly or indirectly controls the business and (2) that is engaged in or assists others engaged in the advertising, promoting, marketing, offering for sale, sale, or distribution of consumer personal information, and his agents, employees, successors, and assigns, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

    A.    Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

    B.    Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

    C.    Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of goods or services purchased, and description of goods or services purchased, to the extent such information is obtained in the ordinary course of business;

D. Complaints and refund requests (whether received directly, indirectly, or through any third party) and any responses to those complaints or requests;

E. Copies of all sales scripts, training materials, advertisements, or other marketing materials, and records that accurately reflect the time periods during which such materials were used and the persons and business entities that used such materials;

F. To the extent consumer personal information is obtained through the use of any third party, records that accurately reflect the name, address, and telephone number of such third party, including, but not limited to, copies of all contracts and correspondence between Defendant and such third party; and

G. Copies of each acknowledgment of receipt of Order required to be obtained pursuant to Section V of this Order.

## COMPLIANCE REPORTING

**VII.    IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A. For a period of five (5) years from the date of entry of this Order,

1. Defendant Wagner shall notify the FTC of the following:

a. Any changes in his residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

b. Any changes in his employment status (including self-employment), and any change in his ownership in any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that he is affiliated with, employed by, creates, forms, or performs services for; a statement of the

nature of the business; and a statement of his duties and responsibilities in connection with the business or employment; and

        c.     Any changes in his name or use of any aliases or fictitious names; and

        2.     Defendant Wagner shall notify the FTC of any changes in corporate structure of any business entity that he directly or indirectly controls or in which he has an ownership interest which may affect compliance obligations arising under this Order, including but not limited to: a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the corporation about which Defendant learns fewer than thirty (30) days prior to the date such action is to take place, Defendant shall notify the FTC as soon as is practicable after obtaining such knowledge.

    B.     One hundred and eighty (180) days after the date of entry of this Order, Defendant Wagner shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which he has complied and is complying with this Order. This report shall include, but not be limited to:

        1.     His then-current residence address, mailing addresses, and telephone numbers;

      2.      His then-current employment and business addresses and telephone numbers, a description of the business activities of each such employer or business, and his title and responsibilities, for each such employer or business;

      3.      A copy of each acknowledgment of receipt of this Order, obtained pursuant to Section V; and

      4.      Any other changes required to be reported under subparagraph A of this Section VII.

C.      For the purposes of this Order, Defendant Wagner shall, unless otherwise directed by the FTC's authorized representatives, mail all written notifications to the FTC to:

>  Associate Director of Enforcement
>  Federal Trade Commission
>  600 Pennsylvania Avenue NW Room NJ-2122
>  Washington, DC 20580
>  Re:  <u>FTC v. Action Research Group, Inc., et. al</u>.

D.      For purposes of the compliance reporting and monitoring required by this Order, the FTC is authorized to communicate directly with Defendant Wagner.

**COMPLIANCE MONITORING**

**VIII.  IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order:

A.      Within ten (10) days of receipt of written notice from a representative of the FTC, Defendant Wagner shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in Defendant's possession or direct or indirect control to inspect the business operation;

B.   In addition, the FTC is authorized to monitor compliance with this Order by all other lawful means, including but not limited to the following:

1.   obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45; and

2.   posing as consumers and suppliers to Defendant Wagner, his employees, or any other entity managed or controlled in whole or in part by him, without the necessity of identification or prior notice; and

C.   Defendant Wagner shall permit representatives of the FTC to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order.  The person interviewed may have counsel present.

*Provided, however,* that nothing in this Order shall limit the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

**ACKNOWLEDGMENT OF RECEIPT OF ORDER**

**IX.**   **IT IS FURTHER ORDERED** that, within five (5) business days after receipt of this Order, as entered by the Court, Defendant Wagner shall submit to the FTC a truthful sworn statement acknowledging receipt of this Order.

**RETENTION OF JURISDICTION**

**X.**   **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter, for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED**, this 18th day of March, 2008.

_____
ANNE C. CONWAY
United States District Judge